#116621

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN - 4 2019

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### Dallas Division

**CASE NO.:**

3:19-CV-1336-B

Peter Strojnik

                              Plaintiff,

                    vs.

Hamilton Properties Corporation Inc. dba
Lorenzo Hotel

                              Defendant.

## COMPLAINT

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADAAG"), and (2) common law of negligence per se.

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and arthritis and is therefore a member of a protected class under the ADA.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Plaintiff is retired and likes to spend his retirement years traveling the United States.

6. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 1011 S. Akard Street, Dallas, TX 75215which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A).

## JURISDICTION

7. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

8. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C. §12188 and 28 CFR §36.501.

9. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

12. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

13. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a

1  plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of

2  lack of access to the Hotel.

3  **COUNT ONE**
   **Violation of Plaintiff's Civil Rights under the ADA**

4

5  14. Plaintiff realleges all allegations heretofore set forth.

6  15. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility

7     particularly applicable to his mobility, both ambulatory and wheelchair assisted.

8  16. Plaintiff intended to visit Dallas, Texas for a visit between February 20 -22, 2019

9     therefore, reviewed vacation booking websites as documented in Addendum A which

   is by this reference incorporated herein for all purposes.

10 17. Plaintiff consulted booking websites and noted that the booking websites failed to

11    identify and describe mobility related accessibility features and guest rooms offered

12    through its reservations service in enough detail to reasonably permit Plaintiff to

13    assess independently whether Defendant's Hotel meets his accessibility needs as more

14    fully documented in Addendum A.

15 18. Defendant has violated the ADA by denying Plaintiff equal access to its public

16    accommodation on the basis of his disability as outlined above and as outlined in

17    Addendum A.

18 19. The ADA violations described in Addendum A relate to Plaintiff's disability and

19    interfere with Plaintiff's full and complete enjoyment of the Hotel.

20 20. As a result of the deficiencies described above, Plaintiff declined to book a room at

21    Defendant's Hotel.

22 21. The removal of accessibility barriers listed above is readily achievable.

23 22. As a direct and proximate result of ADA Violations, Defendant's failure to remove

24    accessibility barriers prevented Plaintiff from equal access to the Defendant's public

25    accommodation.

26 **WHEREFORE,** Plaintiff prays for all relief as follows:

27    A.  Relief described in 42 U.S.C. §2000a – 3; and

28    B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

3

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**
Negligence

23. Plaintiff realleges all allegations heretofore set forth.

24. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

25. Defendant breached this duty.

26. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

27. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

28. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

29. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

30. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)

of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

31. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

32. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

33. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

34. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

35. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

36. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

37. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

38. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

---

[3] 42 U.S.C. §12101(a)(5)
[4] 42 U.S.C. §12101(a)(6)
[5] 42 U.S.C. §12101(a)(7)
[6] 42 U.S.C. §12101(a)(8)

39. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

40. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

41. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

42. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 31ST day of May, 2019.

                    **PETER STROJNIK**

                    Plaintiff

# ADDENDUM A



**Identification.**

## At a glance

### Key facts

**Hotel size**
- This hotel has 237 rooms
- This hotel is arranged over 12 floors

**Arriving/leaving**
- 94% of customers were happy with check-in
- Check-in time 3 PM-midnight
- Check-out time is 11 AM

**Required at check-in**
- Credit card deposit required
- Government-issued photo ID required
- Minimum check-in age is 21

### Travelling with others

**Children**
- ✓ No cribs (infant beds)

**Pets**
- ✓ Pets not allowed

**Internet**
- ✓ Free WiFi and wired Internet access in public areas
- ✓ Free wired Internet access in rooms

## In the hotel

| Food and drink | Cooked-to-order breakfast daily (surcharge) \| 2 restaurants \| 3 bars/lounges \| Coffee shop/café \| Poolside bar |
|---|---|
| Things to do | Outdoor pool \| Fitness facilities |
| Working away | Conference space \| Meeting rooms \| Conference space size (feet) - 13250 \| Conference space size (meters) - 1231 |
| Services | 24-hour front desk \| Concierge services \| Dry cleaning/laundry service \| Laundry facilities \| Luggage storage \| Multilingual staff \| Porter/bellhop |
| Facilities | Elevator/lift \| Safe-deposit box at front desk \| Designated smoking areas |
| Accessibility | Accessible bathroom \| In-room accessibility \| Roll-in shower |
| Languages Spoken | English \| Spanish |

## In the room

| Home comforts | Air conditioning \| Coffee/tea maker \| Iron/ironing board |
|---|---|
| Freshen up | Private bathroom \| Shower only \| Free toiletries \| Hair dryer |
| Be entertained | 50-inch flat-screen TV |
| Stay connected | Desk \| WiFi (surcharge) |
| Food and drink | Refrigerator \| Free bottled water |
| More | Daily housekeeping \| In-room safe |

8

1

2

3

4

5

6

7

8

9

10

11

12



13

14

15

16

17

18

19

20

21

22

23



24

25

26

27

28



**Suite, 1 King Bed, Corner**

Guestroom [1/6]

1 King Bed
495-sq-foot (46-sq-meter) room with city views

Internet - Free wired Internet access
Entertainment - 50-inch flat-screen TV
Food & Drink - Refrigerator, coffee/tea maker, and free bottled water
Bathroom - Private bathroom, shower, free toiletries, and a hair dryer
Practical - Safe, iron/ironing board, and desk
Comfort - Air conditioning and daily housekeeping
Non-Smoking

Sleeps 2 people (including up to 1 child)
**Bed choices**
 • 1 King Bed

More Info: 866-539-8117

**Room Details**

| | | |
|---|---|---|
| • Air conditioning | • Free toiletries | • Private bathroom |
| • Coffee/tea maker | • Free wired Internet | • Refrigerator |
| • Daily housekeeping | • Hair dryer | • Shower only |
| • Desk | • In-room safe | • WiFi (surcharge) |
| • Flat-panel TV | • Iron/ironing board | |
| • Free bottled water | • Number of bathrooms - 1 | |



**Suite, 2 Queen Beds, Corner**

Guestroom [1/7]

2 Queen Beds
495-sq-foot (46-sq-meter) room with city views

Internet - Free wired Internet access
Entertainment - 50-inch flat-screen TV
Food & Drink - Refrigerator, coffee/tea maker, and free bottled water
Bathroom - Private bathroom, shower, free toiletries, and a hair dryer
Practical - Safe, iron/ironing board, and desk
Comfort - Air conditioning and daily housekeeping
Non-Smoking

Sleeps 4 people (including up to 3 children)
**Bed choices**
 • 2 Queen Beds

More Info: 866-539-8117

**Room Details**

| | | |
|---|---|---|
| • Air conditioning | • Free toiletries | • Private bathroom |
| • Coffee/tea maker | • Free wired Internet | • Refrigerator |
| • Daily housekeeping | • Hair dryer | • Shower only |
| • Desk | • In-room safe | • WiFi (surcharge) |
| • Flat-panel TV | • Iron/ironing board | |
| • Free bottled water | • Number of bathrooms - 1 | |

**ADA Deficiency:** (1) Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. (2) Insufficient dispersion of accessible rooms, if any.

**1ST PARTY BOOKING WEBSITE**
https://www.lorenzohotel.com/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



11

1



2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19
20
21
22
23

**ADA Deficiency: ADA Deficiency:** (1) Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. (2) Insufficient dispersion of accessible rooms, if any.

24
25
26
27
28

**END**

CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Case 4:19-cv-01336-B Document 3 Filed 06/04/19 Page 13 of 14 PageID 42

RECEIVED
JUN - 4 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

## I. (a) PLAINTIFFS

Peter Strojnik

**(b)** County of Residence of First Listed Plaintiff    Maricopa, AZ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter Strojnik (pro per)
7847 N. Central Avenue
Phoenix, AZ 85020. 602-524-6602

### DEFENDANTS

Hamilton Properties Corporation Inc. dba Lorenzo Hotel

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**3 19 - CV 1336 - B**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12101
Brief description of cause:
ADA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE      DOCKET NUMBER

DATE
5/31/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# PRIORITY
## ★ MAIL ★



📅 **DATE OF DELIVERY SPECIFIED***

📶 **USPS TRACKING™ INCLUDED***

💲 **INSURANCE INCLUDED***

🚚 **PICKUP AVAILABLE**

    * Domestic only

**FROM:**



# PRIORITY
## MAIL

**UNITED STATES POSTAL SERVICE®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Peter Strojnik
7847 N. Central Ave.
Phoenix, AZ 85020

TO: United States District Court
Northern District of Tex as
Office of the Clerk
1100 Commerce St. Room 1452
Dallas, TX 75242

Label 228, July 2013      FOR DOMESTIC AND INTERNATIONAL USE

**UNITED STATES POSTAL SERVICE®**

## USPS TRACKING #



9114 9023 0722 4391 8869 26

Label 400 Jan. 2013
7690-16-000-7848

X-RAY

RECEIVED-3

JUN 4 2019

MAILROOM

PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**UNITED STATES POSTAL SERVICE®**

This envelope is made from post-consumer waste. Please recycle • again.