ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 23 2019

CLERK, U.S. DISTRICT COURT
By_____ Deputy

Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

PETER STROJNIK

Plaintiff,

vs.

TEOF HOTEL GP, LLC aka TEOF HOTEL LP aka TEOF HOTEL GP, LP DBA LORENZO HOTEL

Defendant.

CASE NO.:3:19-cv-01336-B

AMENDED COMPLAINT

(AS OF RIGHT)

CHANGE OF DEFENDANT ONLY

## COMPLAINT

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADAAG"), and (2) common law of negligence per se.

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and arthritis and is therefore a member of a protected class under the ADA.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Plaintiff is retired and likes to spend his retirement years traveling the United States.

6. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 1011 S. Akard Street, Dallas, TX 75215 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A).

## JURISDICTION

7. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

8. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C. §12188 and 28 CFR §36.501.

9. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

12. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

13. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a

plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

14. Plaintiff realleges all allegations heretofore set forth.
15. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.
16. Plaintiff intended to visit Dallas, Texas for a visit between February 20 -22, 2019 therefore, reviewed vacation booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.
17. Plaintiff consulted booking websites and noted that the booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.
18. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.
19. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.
20. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel.
21. The removal of accessibility barriers listed above is readily achievable.
22. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

WHEREFORE, Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

   C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

   D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

   E. Equitable nominal damages; and

   F. For costs, expenses and attorney's fees; and

   G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**
Negligence

23. Plaintiff realleges all allegations heretofore set forth.

24. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

25. Defendant breached this duty.

26. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

27. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

28. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

29. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

30. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)

of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

31. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

32. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

33. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

34. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

35. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

36. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

37. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

38. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

---

[3] 42 U.S.C. §12101(a)(5)
[4] 42 U.S.C. §12101(a)(6)
[5] 42 U.S.C. §12101(a)(7)
[6] 42 U.S.C. §12101(a)(8)

5

39. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

40. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

41. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

42. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 19th day of August 2019.

**PETER STROJNIK**

_____
Plaintiff

# ADDENDUM A



## At a glance

### Key facts

**Hotel size**
- This hotel has 237 rooms
- This hotel is arranged over 12 floors

**Arriving/leaving**
- 94% of customers were happy with check-in
- Check-in time 3 PM-midnight
- Check-out time is 11 AM

**Required at check-in**
- Credit card deposit required
- Government-issued photo ID required
- Minimum check-in age is 21

### Travelling with others

**Children**
- ✓ No cribs (infant beds)

**Pets**
- ✓ Pets not allowed

**Internet**
- ✓ Free WiFi and wired Internet access in public areas
- ✓ Free wired Internet access in rooms

## In the hotel

| | |
|---|---|
| Food and drink | Cooked-to-order breakfast daily (surcharge) \| 2 restaurants \| 3 bars/lounges \| Coffee shop/café \| Poolside bar |
| Things to do | Outdoor pool \| Fitness facilities |
| Working away | Conference space \| Meeting rooms \| Conference space size (feet) - 13250 \| Conference space size (meters) - 1231 |
| Services | 24-hour front desk \| Concierge services \| Dry cleaning/laundry service \| Laundry facilities \| Luggage storage \| Multilingual staff \| Porter/bellhop |
| Facilities | Elevator/lift \| Safe-deposit box at front desk \| Designated smoking areas |
| Accessibility | Accessible bathroom \| In-room accessibility \| Roll-in shower |
| Languages Spoken | English \| Spanish |

## In the room

| | |
|---|---|
| Home comforts | Air conditioning \| Coffee/tea maker \| Iron/ironing board |
| Freshen up | Private bathroom \| Shower only \| Free toiletries \| Hair dryer |
| Be entertained | 50-inch flat-screen TV |
| Stay connected | Desk \| WiFi (surcharge) |
| Food and drink | Refrigerator \| Free bottled water |
| More | Daily housekeeping \| In-room safe |

8








**ADA Deficiency:** (1) Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. (2) Insufficient dispersion of accessible rooms, if any.

**1ST PARTY BOOKING WEBSITE**
https://www.lorenzohotel.com/







**ADA Deficiency: ADA Deficiency:** (1) Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. (2) Insufficient dispersion of accessible rooms, if any.

**END**

