IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETER STROJNIK, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TEOF HOTEL GP, LLC A/K/A § <br> TEOF HOTEL LP A/K/A TEOF § <br> HOTEL GP, LP D/B/A LORENZO § <br> HOTEL, § <br> § <br> Defendant. § | Civil No.  3:19-CV-01336-E |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 9). Defendant asserts Plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. For reasons that follow, the Court grants the motion.

## **Background**

In his complaint, Plaintiff Peter Strojnik alleges that Defendant Teof Hotel GP, LLC owns, operates, or leases a hotel in Dallas. He asserts claims against Defendant for violations of the Americans with Disabilities Act (ADA) and for negligence based on the alleged ADA violations. Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676 (2001). Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more

major life activities." 42 U.S.C. § 12102(1)(A).  A plaintiff who sues under the ADA is limited to seeking "injunctive relief, and a restraining or other similar order."  *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 (5th Cir. 2018) (quoting *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997)); *see* 42 U.S.C. § 12188(a).  ADA regulations provide that a public accommodation that owns, leases, or operates a place of lodging shall, with respect to reservations made by any means, identify and describe accessible features in hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his accessibility needs.  28 C.F.R. § 36.302(e)(1)(ii).

Strojnik, a resident of Maricopa County, Arizona, is proceeding pro se.  He was licensed as an attorney in Arizona, but was disbarred on May 10, 2019.[1]  Strojnik filed his original complaint in this case on June 4, 2019.  He later amended his complaint to correct the name of the Defendant.  Strojnik alleges that he is a disabled person as defined by the ADA.  He asserts he is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and arthritis."  He alleges these physical impairments substantially limit his major life activities.  He states that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation."  He further

---

[1] According to the website for the Arizona State Bar:

> Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts.  Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations.  In all cases Strojnik alleged vague violations.

The Arizona Bar alleged that Strojnik violated various rules of professional conduct.  Its website states that "Strojnik did not contest the allegations and consented to his disbarment."
*See* STATE BAR OF ARIZONA, https://azbar.legalserviceslink.com/attorneys-view/PeterStrojnik (last visited August 27, 2020).

alleges that his "impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony." He alleges, "By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted."

According to the amended complaint, Strojnik is retired and "likes to spend his retirement years traveling the United States." Strojnik alleges he intended to visit Dallas between February 20-22, 2019. He reviewed vacation booking websites and noted that the websites "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit [him] to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A." Addendum A appears to be images taken from the booking website Hotels.com about Defendant's hotel and from the hotel's own website. There are pictures of the hotel and descriptions of the rooms and amenities. As part of the addendum, Strojnik describes the purported ADA deficiencies as follows: (1) failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit [him] to assess independently whether the hotel or guest room meet his accessibility needs, and (2) insufficient dispersion of accessible rooms, if any.

Strojnik alleges that Defendant has violated the ADA by denying him equal access to its public accommodation. He contends the violations described in Addendum A relate to his disability and interfere with his "full and complete enjoyment of the Hotel." As a result of the deficiencies, he declined to book a room at Defendant's hotel. Strojnik alleges he is "deterred from visiting the Hotel based on [his] knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to [his] disability." He further alleges that he "intends

to visit Defendant's Hotel at a specific time when Defendant's noncompliant Hotel becomes fully compliant with ADAAG [ADA Accessibility Guidelines for Buildings and Facilities]." Strojnik seeks injunctive relief ordering Defendant to alter the hotel to make it accessible and usable to individuals with disabilities, equitable nominal damages, and costs and attorney's fees.

Strojnik also asserts a claim for negligence. He alleges Defendant owed him a duty to remove ADA accessibility barriers so that he could have equal access to the public accommodation. He further alleges Defendant breached this duty and that the breach caused him damages, including "the feeling of segregation, discrimination, relegation to second class citizen status[, and] the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial."

Defendant has moved to dismiss Strojnik's amended complaint under Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Defendant contends that Strojnik's complaint should be dismissed because he lacks standing.

Federal courts have subject matter jurisdiction only over a "case" or "controversy." *Deutsch*, 882 F.3d at 173; *see* U.S. Const. art. III, § 2, cl. 1. To establish a case or controversy, a plaintiff must show he has standing to sue. *Deutsch*, 882 F.3d at 173. Standing has three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 561.

In addition, because he sues under the ADA, Strojnik must meet the standing requirements for equitable relief. *Deutsch*, 882 F.3d at 173. A plaintiff seeking equitable relief must show that there is a real and immediate threat of repeated injury. *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Merely having suffered an injury in the past is not enough; the plaintiff must show a real or immediate threat that he will be wronged again. *Id.* Standing requires a plaintiff seeking injunctive relief to allege an "actual and imminent" and not merely "conjectural or hypothetical" injury. *Frame v. City of Arlington*, 657 F.3d 215, 235 (5th Cir. 2011). "Mere 'some day' intentions, 'without any description of concrete plans,' does not support standing." *Id.*

Defendant asserts Strojnik lacks standing because he cannot demonstrate (1) that he suffered an injury in fact as he does not contend he visited or attempted to visit Defendant's hotel, nor does he have any genuine intent to return, and (2) causation as the websites involved are not Defendant's websites nor are they under its control. In addition, Defendant argues that Strojnik complains of the website, not the hotel itself, and websites are not a place of public accommodation under the ADA. Defendant asks the Court to dismiss the complaint in its entirety with prejudice.

Defendant asserts there are two currently recognized ways for an ADA plaintiff to establish injury in fact. Defendant contends Strojnik cannot demonstrate an injury in fact under either approach. First, Strojnik can show he intends to return to the allegedly noncompliant public accommodation and therefore faces a real and imminent threat he will again be harmed by the noncompliance. Defendant contends Strojnik must demonstrate a plausible intention to return to the hotel in the future such that he will be harmed by the alleged ADA noncompliance. Defendant asserts the Court should consider (1) Strojnik's

proximity to the Hotel; (2) his past patronage; (3) the definitiveness of his plan to return to the hotel; and (4) his frequency of nearby travel. *See Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, No. 3:05-CV-1307-G, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005). Defendant argues that Strojnik has not alleged any concrete plan to return to the Hotel. It maintains that "a mere someday intention" to return is insufficient.

Second, citing *Deutsch v. Annis Enterprises*, Defendant argues that an ADA plaintiff can show the inaccessibility of a place of public accommodation actually affects his activities in some concrete way. In *Deutsch*, the plaintiff was a paraplegic who uses a wheelchair for mobility. 882 F.3d at 172. He filed 385 ADA lawsuits in 306 days. *Id.* He sued the owner of a women's hair salon, alleging he visited the salon and "experienced difficulty and discomfort" because the salon did not have the number of parking spaces required by the ADA or access ramps, and because its threshold exceeded one-half inch. *Id.* The plaintiff's complaint did not indicate that he would ever visit the salon again. Instead he alleged that he will continue to experience unlawful discrimination as a result of the salon owner's failure to comply with the ADA. *Id.* As here, the business owner moved to dismiss for lack of standing. The district court granted the motion, reasoning that the plaintiff failed to demonstrate he suffered an actual or imminent injury or that he had concrete plans to patronize the salon in the future. *Id.* at 173.

The Fifth Circuit affirmed, holding the plaintiff had not established standing because he had not shown that any alleged ADA violation threatened him with future injury. *Id.* Like Strojnik, the plaintiff argued that he had satisfied the future-injury standing requirement. *Id.* at 174. The Fifth Circuit disagreed, stating that Deutsch had not shown how the alleged ADA violations at the salon will negatively affect his day-to-day life. The court noted he had only

visited the business once. There was no evidence he had any intent to return, nor was there any reason to believe he was affected by the alleged violation in "some concrete way." *Id.*; *see Frame*, 657 F.3d at 236.

Strojnik argues that under any approach to ADA standing his amended complaint sufficiently alleges injury in fact. He urges the Court to apply the "deterrent effect doctrine" in determining whether he has standing. Under this approach, a disabled individual suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there. *See Chapman v. Pier 1 Imports*, 631 F.3d 939, 949–50 (9th Cir. 2011).[2]

The Court notes a disconnect between the allegations in Strojnik's complaint and much of the relief he seeks. Strojnik complains about not being able to tell from booking websites if Defendant's hotel meets his accessibility needs, but it seems the injunctive relief he seeks—"to alter Defendant's place of public accommodation"—is physical removal of accessibility barriers at the hotel. In any event, the Court determines that Strojnik lacks standing.

As in *Deutsch*, Strojnik has not established standing because he has not shown that any alleged ADA violations at the hotel threaten him with future injury. First, Strojnik has not sufficiently pleaded a concrete intent to return. His complaint alleges that he intends to visit the hotel when it becomes fully compliant. His "mere some day" plans are insufficient. Nor has he sufficiently pleaded that the alleged violations negatively affect his day-to-day life or affect him in "some concrete way." Strojnik lives hundreds of miles from Dallas. His plan

---

[2] Several district courts in other Texas districts have also used the deterrent effect doctrine. *See, e.g., Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp. 2d 587, 602–04 (W.D. Tex. Aug. 10, 2010).

to visit the hotel or even its website in the future is indefinite. He pleadings indicate he has not been to the hotel and are silent on how often he travels to the area. Even under the broader "deterrent effect" analysis Strojnik seeks to apply, he still needs to prove that he would visit the hotel in the future. *See Hunter v. Branch Banking & Trust Co.*, No. 3:12-cv-2437-D, 2013 WL 4052411, at *3 (N.D. Tex. Aug. 12, 2013). Again, Strojnik's mere some day plans are insufficient. *See Strojnik v. Landry's, Inc.*, No. 4:19-cv-01170, 2019 WL 7461681, at *5 (S.D. Tex. Dec. 9, 2019) (Strojnik's same vague allegation of intent to return is insufficient to demonstrate plausible intent); *cf., e.g., Kennedy v. Sai Ram Hotels LLC*, No. , 2019 WL 2085011 (M.D. Fl. May 13, 2019) (plaintiff alleged she frequently travels near hotel and alleged she planned to return to hotel and its website within eight months.).

Strojnik's lack of standing extends to his negligence claim. The negligence claim is based on a duty created by the ADA to remove accessibility barriers. For the same reasons discussed above, Strojnik's complaint does not establish standing to bring his negligence claim.

In his response to the motion to dismiss, Strojnik requests leave to conduct discovery to determine the "entire scope of ADA violations" at Defendant's hotel. Because Strojnik has not shown he has standing, his request is denied. *Cf. Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043–44 (9th Cir. 2008).

For the foregoing reasons, the Court grants Defendant's motion to dismiss. In his response to the motion to dismiss, Strojnik does not ask for leave to amend his complaint should the Court find a lack of standing. Further, nothing in the record or Strojnik's arguments suggest that he could amend his pleadings to set forth allegations that would give him standing to assert an ADA claim against Defendant at this time. *See Landry's, Inc.*, 2019

8

WL 7461681, at *5.  Accordingly, Strojnik's amended complaint is dismissed without prejudice.  *See Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015) (when complaint dismissed for lack of standing, it should be without prejudice).

**SO ORDERED**.

Signed August 31, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE